# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-986V
UNPUBLISHED

| | |
|---|---|
| JOHN W. VANCE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 29, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Emily Beth Ashe*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Joseph Adam Lewis*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 23, 2021, John W. Vance filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome (GBS) after receiving the influenza (flu) vaccination on October 1, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 14, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On July 28, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $137,500.00 for past pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $137,500.00 for past pain and suffering in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                           **s/Brian H. Corcoran**
                                           Brian H. Corcoran
                                           Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____  )
                                )
JOHN W. VANCE,                  )
                                )
     Petitioner,                )   No. 21-986V   ECF
                                )
     v.                         )   Chief Special Master Corcoran
                                )
SECRETARY OF HEALTH             )
AND HUMAN SERVICES,             )
                                )
     Respondent.                )
_____  )

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.   Procedural History**

On February 23, 2021, John W. Vance ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleged that he developed Guillain-Barré Syndrome ("GBS") within the Vaccine Injury Table timeframe following the receipt of an influenza ("flu") vaccine administered to him on October 1, 2019. Petition at 1. On March 25, 2022, respondent filed his Vaccine Rule 4(c) Report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. ECF No. 20. On April 14, 2022, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. ECF No. 22.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

**II.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$137,500.00** for past pain and suffering. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**III.    Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$137,500.00** in the form of a check payable to petitioner.[2] Petitioner agrees.

                                                Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                C. SALVATORE D'ALESSIO
                                                Acting Director
                                                Torts Branch, Civil Division

                                                HEATHER L. PEARLMAN
                                                Deputy Director
                                                Torts Branch, Civil Division

                                                TRACI R. PATTON
                                                Assistant Director
                                                Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

s/ *Joseph A. Lewis*
JOSEPH A. LEWIS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146,
Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 451-7495
E: joseph.a.lewis@usdoj.gov

DATED: July 28, 2022

3